# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:03-CR-00224-GCM-CH

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **HERMAN LAMARK HUNTER,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court upon Defendant Herman Hunter's Motion for Reduced Sentence Under the First Step Act of 2018 (ECF Doc. 85). The Motion is now fully briefed, and the Court finds the following.

## I. BACKGROUND

In April 2005, a jury convicted Defendant of one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). Defendant faced a statutorily mandated sentence of ten years to life in prison on the Section 841 count. Based on Defendant's qualifying predicate convictions, it was also recommended that the career offender enhancement be imposed. The Court concurred and sentenced Defendant to 360 months in prison with a supervised release term of eight years. Defendant now files this Motion for Reduced Sentence Under the First Step Act of 2018.

## II. DISCUSSION

The First Step Act gives retroactive effect to Sections 2 and 3 of the Fair Sentencing Act of 2010, which reduced the former 100:1 crack-to-powder mandatory minimum ratio to an 18:1

ratio.  *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019).  First, to seek a reduced sentence under the First Step Act, a defendant must establish that the defendant was sentenced for a "covered offense."  Pub. L. 115-391 (2018), Sec. 404.  Second, if the defendant was sentenced for a covered offense, a court must exercise its discretion in determining whether to grant a sentence reduction.  *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020).  Here, there is no dispute that Defendant seeks sentence reduction for a covered offense and is eligible for a discretionary sentence reduction under the First Step Act.

"A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Pub. L. 115-391 (2018), Sec. 404(b) (internal citation omitted).  A court must first correctly calculate the applicable guidelines range and correct any errors that may have occurred in sentencing.  *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020).  Additionally, the Section 3553(a) sentencing factors apply in the resentencing context, and courts also consider post-sentencing conduct.  *Id.* at 674.  District courts have broad discretion in deciding whether to reduce a sentence under Section 404 of the First Step Act.  *Jackson*, 952 F.3d at 495.

Defendant's recalculated guidelines range is 262 to 327 months, and Defendant's motion requests a reduced sentence to the low end of his new guidelines range.  The Government opposes the motion, arguing that the Section 3553(a) factors do not support reducing Defendant's sentence.  Specifically, the Government argues that Defendant has an extensive and persistent criminal history, and the Government also contends that Defendant's disciplinary history weighs against reducing his sentence.  Defendant maintains that the sentencing guidelines already account for his criminal history, and the Bureau of Prisons has already punished his disciplinary misbehaviors.

Moreover, Defendant argues that leaving his sentence at 360 months would be a drastic upward departure from the guidelines range.

Upon consideration of the Section 3553(a) factors, the Court concludes that a sentence reduction is warranted here. A reduced sentence within the recalculated guidelines accounts for the non-violent nature of the present offense but still reflects the seriousness of his offense. Meanwhile, Defendant remaining a career offender for purposes of recalculating the guideline range promotes respect for the law and provides adequate deterrence. However, Defendant's long history of disciplinary actions post-sentencing is troubling and reflects a concern regarding the Court's need to protect the public from further crimes. The Court does not find that reducing Defendant's sentence to the low end of the guidelines range is appropriate. After considering all of the Section 3553(a) factors, the balance favors granting Defendant's motion in part and reducing Defendant's sentence to 300 months.

**III. ORDER**

**IT IS THEREFORE ORDERED** that:

1. Defendant Herman Hunter's Motion for Reduced Sentence Under the First Step Act of 2018 (ECF Doc. 85) is **GRANTED IN PART** as indicated herein;

2. Defendant's sentence of imprisonment shall be reduced to **300 MONTHS.**

    **SO ORDERED**.

Signed: April 9, 2021

Graham C. Mullen
United States District Judge